# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| IMPERIAL SUGAR COMPANY AND<br>IMPERIAL SUGAR COMPANY<br>RETIREMENT AND WELFARE PLANS<br>COMMITTEE<br><br>        Plaintiffs,<br><br>    v.<br><br>ESTATE OF WILLIE E. BURNETT, JR.,<br>BETTY LOADHOLT, MARY R. BURNETT,<br>JACQUELYN H. BURNETT, JOYCE<br>BURNETT, EARL SIMMONS, KENDRA<br>MOULTRIE, VALARIE BURNETT,<br>VANESSA BURNETT, AND BEVERLY<br>MERRIMAN<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INTERPLEADER COMPLAINT

Plaintiffs, Imperial Sugar Company and the Imperial Sugar Company Retirement and Welfare Plans Committee, file this interpleader complaint against the Estate of Willie E. Burnett, Jr., Betty Loadholt, Mary R. Burnett, Jacquelyn H. Burnett, Joyce Burnett, Earl Simmons, Kendra Moultrie, Valarie Burnett, Vanessa Burnett, and Beverly Merriman.

## NATURE OF THE CASE

1. This is an action for interpleader under Rule 22 of the Federal Rules of Civil Procedure. Imperial Sugar Company ("Imperial Sugar") and the Imperial Sugar Company Retirement and Welfare Plans Committee ("Retirement Committee") seek declaratory and injunctive relief regarding the proper disposition of funds held in the Imperial Sugar Company 401(k) Savings Plan (the "401(k) Plan") and the Imperial Sugar Company Retirement Plan (the "Pension Plan"). These funds are payable with respect to Willie E. Burnett, Jr., a deceased

former employee of Imperial Sugar, and a dispute has arisen between Betty Loadholt, Mary R. Burnett and Jacquelyn H. Burnett, all claiming to be the current spouse of Mr. Burnett at the time of his death, over the proper distribution of the funds. Invoking the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, Imperial Sugar also brings an interpleader action as to Mr. Burnett's final paycheck, which is payable to the "Estate of Willie E. Burnett, Jr."

## PARTIES, JURISDICTION, AND VENUE

2. Imperial Sugar is the Plan Administrator and named fiduciary of the 401(k) Plan, with the authority to delegate that authority to certain individuals employed by Imperial Sugar.

3. The Retirement Committee is the Plan Administrator and named fiduciary of the Pension Plan, with the authority to delegate that authority to certain individuals employed by Imperial Sugar.

4. The 401(k) Plan is a qualified retirement plan regulated by the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, et seq. The 401(k) Plan is an employee pension benefit plan as defined by § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), and a defined contribution plan as defined by § 3(34) of ERISA, 29 U.S.C. § 1002(34).

5. The Pension Plan is a qualified retirement plan regulated by the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, et seq. The Pension Plan is an employee pension benefit plan as defined by § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), and a defined benefit plan as defined by § 3(35) of ERISA, 29 U.S.C. § 1002(35) .

6. Willie E. Burnett, Jr. is a deceased citizen of Georgia who, during part of his lifetime, was employed by Imperial Sugar. Mr. Burnett was a participant in the 401(k) Plan and Pension Plan until his death on July 6, 2011.

7. Betty Loadholt is a citizen of Louisiana and maintains she was the legal spouse of Willie E. Burnett, Jr. at the time of is death. Ms. Loadholt was a resident of Georgia during the time she claims to have been married to Willie E. Burnett, Jr., at which time Mr. Burnett was accruing the benefits at issue here.

8. Mary R. Burnett is a citizen of Georgia and maintains she was the legal spouse of Willie E. Burnett, Jr. at the time of his death.

9. Jacquelyn H. Burnett is a citizen of Georgia and maintains she was the legal spouse of Willie E. Burnett, Jr. at the time of his death.

10. Joyce Burnett is a citizen of Georgia and maintains she was married to and subsequently divorced from Willie E. Burnett, Jr. during his lifetime.

11. On information and belief, Earl Simmons is a citizen of Louisiana and the son of Willie E. Burnett, Jr.

12. On information and belief, Kendra Moultrie is a citizen Georgia and the daughter of Willie E. Burnett, Jr.

13. Valarie Burnett is a citizen of Louisiana and the daughter of Willie E. Burnett, Jr.

14. Vanessa Burnett is a citizen of Louisiana and the daughter of Willie E. Burnett, Jr.

15. On information and belief, Beverly Merriman is a citizen of Georgia and the daughter of Willie E. Burnett, Jr.

16. This Court has jurisdiction over the subject matter of this case pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Imperial Sugar and the Retirement Committee, as the administrators and named fiduciaries of the 401(k) Plan and Pension Plan, respectively, are authorized by ERISA § 502(a) to bring this action. The Court has supplemental jurisdiction as to the interpleader claim regarding Mr. Burnett's final paycheck pursuant to 28 U.S.C. § 1367.

3

17. This Court also has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity because Plaintiffs are citizens of Texas and Defendants are citizens of states other than Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred within this judicial district. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

19. As an employee of Imperial Sugar, Mr. Burnett was eligible to and did participate in the 401(k) Plan and Pension Plan.

20. Betty Loadholt asserts that in 1982, she and Mr. Burnett were declared lawfully married pursuant to common law in Savannah, Georgia. Ms. Loadholt maintains this common law marriage declaration was still in effect at the time of Mr. Burnett's death.

21. On April 11, 1997, Mr. Burnett divorced his second wife, Joyce Burnett. A qualified domestic relations order ("QDRO") dated March 6, 1997, resolves the matter of Joyce Burnett's rights to benefits under an ESOP/PAYSOP plan that was subsequently merged into the 401(k) Plan. A copy of the March 6, 1997 QDRO is attached as Exhibit 1.

22. Mr. Burnett married his third wife, Mary R. Burnett, on May 23, 1997. A copy of the Marriage License between Mr. Burnett and Mary Burnett is attached as Exhibit 2.

23. A Final Judgment and Decree of Divorce between Mr. Burnett and Mary Burnett was entered by the Superior Court of Chatham County in the State of Georgia on October 9, 2007. A copy of the October 9, 2007 Final Judgment and Decree is attached as Exhibit 3.

24. An Order Setting Aside Final Judgment and Decree of Divorce and Final Order was entered by the Superior Court of the Eastern Judicial Circuit in the State of Georgia on April 20, 2009. This order set aside the October 9, 2007 Final Judgment and Decree of Divorce

4

between Mr. Burnett and Mary Burnett. A copy of the April 20, 2009 Order Setting Aside Final Judgment and Decree of Divorce is attached as Exhibit 4.

25. Mr. Burnett married his fourth wife, Jacquelyn H. Burnett, on October 9, 2007. A copy of the Marriage License between Mr. Burnett and Mary Burnett is attached as Exhibit 5.

26. On April 15, 2003, Mr. Burnett designated Mary Burnett, listed as his wife, as his beneficiary under the 401(k) Plan to receive 100% of his assets in the 401(k) Plan upon Mr. Burnett's death. A copy of Mr. Burnett's 401(k) Savings Plan beneficiary designation form is attached as Exhibit 6.

27. Mr. Burnett did not provide any other beneficiary designation under the 401(k) Plan subsequent to his April 15, 2003 designation.

28. Mr. Burnett did not provide a beneficiary designation under the Pension Plan at any time.

29. As a matter of law, the Pension Plan and the 401(k) Plan are required to pay survivor benefits to Mr. Burnett's spouse at the time of his death, unless his spouse waived her entitlement to such benefits. No spouse signed a waiver of mandatory spousal survivor benefits.

30. On April 15, 2009, Mr. Burnett changed his medical coverage to "associate + spouse" and designated Jacquelyn Burnett, listed as his wife, as his beneficiary under his supplemental life insurance policy upon Mr. Burnett's death. A copy of Mr. Burnett's 2009 Enrollment/Change Form is attached as Exhibit 7.

31. If Mr. Burnett was married to Ms. Loadholt at the time of his death, Joyce Burnett's marriage, divorce, and QDRO would be void and any attempt to designate Mary Burnett or Jacquelyn Burnett as beneficiary to his 401(k) Plan or Pension Plan would have been

5

invalid because Ms. Loadholt did not consent to the designation of a beneficiary other than his spouse.

32. If Mr. Burnett was married to Jacquelyn Burnett at the time of his death, the 401(K) Plan beneficiary designation would have been invalid because Jacquelyn did not consent to the designation of a beneficiary other than his spouse. Alternatively, if Mr. Burnett was married to Mary Burnett at the time of his death, any attempt to designate Jacquelyn Burnett as a beneficiary would have been invalid because Mary did not consent.

33. On July 6, 2011, Mr. Burnett died with accrued benefits worth more than $75,000 due and payable under the 401(k) Plan and the Pension Plan.

34. In view of the facts outlined above, Imperial Sugar and the Retirement Committee are in doubt as to the identify of the proper beneficiary of amounts held in the 401(k) Plan and Pension Plan with respect to Mr. Burnett.

35. In addition, Mr. Burnett's final paycheck cannot be delivered because Imperial Sugar does not know who is lawfully entitled to represent the Estate of Willie E. Burnett, Jr. Imperial Sugar has searched court records and finds no record of a formal probate matter having been opened with respect to Mr. Burnett and substantial doubt exists as to the identity of Mr. Burnett's next of kin.

36. Mr. Burnett apparently had five living children at the time of his death. In addition to his spouse, his five children, Earl Simmons, Kendra Moultrie, Valarie Burnett, Vanessa Burnett, and Beverly Merriman, may also be entitled to certain funds as heirs to his estate.

## COUNT I

37. Plaintiffs repeat and restate the allegations of complaint paragraphs 1 through 36 as paragraph 37.

38. Defendants Betty Loadholt, Mary R. Burnett and Jacquelyn H. Burnett, Joyce Burnett, Earl Simmons, Kendra Moultrie, Valarie Burnett, Vanessa Burnett, and Beverly Merriman have rival claims to moneys held in the 401(k) Plan and Pension Plan with respect to Willie E. Burnett, Jr. as well as Mr. Burnett's final paycheck as Betty Loadholt, Mary Burnett and Jacquelyn Burnett purport to be the legal spouse of Willie E. Burnett, Jr. at the time of his death.

39. Because of these conflicting claims, Plaintiffs are in great doubt as to which Defendant(s) is or are entitled to be paid the amount held in the 401(k) Plan and Pension Plan with respect to Willie E. Burnett, Jr. as well as Mr. Burnett's final paycheck.

40. Plaintiffs, as administrators of the 401(k) Plan and Pension Plan, cannot pay the moneys held in the 401(k) Plan and Pension Plan with respect to Willie E. Burnett, Jr. to any Defendant without facing the risk of having to pay the same funds a second or third time to the other Defendants. Similarly, Imperial Sugar cannot distribute Mr. Burnett's final paycheck to one Defendant without facing the risk of having to pay the same funds a second or third time.

WHEREFORE, Plaintiffs demand that the Court adjudge:

1. That each of the Defendants shall be enjoined and restrained from instituting or pursuing any action against Plaintiffs for recovery of any amounts held in the 401(k) Plan and Pension Plan with respect to Willie E. Burnett, Jr. or Mr. Burnett's final paycheck.

2. That Plaintiffs shall be permitted to maintain all moneys held with respect to Willie E. Burnett, Jr. under the 401(k) Plan and Pension Plan pending the resolution of the Defendants' competing claims.

7

3. That Plaintiffs be permitted to deposit Mr. Burnett's final paycheck in the Court's registry account to be held until such time as any claims with respect to those monies are resolved.

4. That the Defendants be required to interplead and settle between themselves their rights to the moneys due under the 401(k) Plan and Pension Plan with respect to Willie E. Burnett, Jr. and Mr. Burnett's final paycheck and that Plaintiffs be discharged from all liability to Defendants beyond the amount held in the 401(K) Plan and Pension Plan with respect to Willie E. Burnett, Jr. and the final paycheck to be deposited in the Court's registry account.

**DATED: October 7, 2011**                    Respectfully submitted,

IMPERIAL SUGAR COMPANY AND
IMPERIAL SUGAR COMPANY
RETIREMENT AND WELFARE PLANS
COMMITTEE


By  s/ John F. Meyers
          One of Its Attorneys


John F. Meyers
Georgia Bar No. 503692
SEYFARTH SHAW LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia  30309
(404) 885-1500
jmeyers@seyfarth.com

Ian H. Morrison
Illinois ARDC No. 6230115
SEYFARTH SHAW LLP
131 S. Dearborn, Suite 2400
Chicago, Illinois 60603
(312) 460-5000
imorrison@seyfarth.com

8

13702448v.5